UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 1:21-cv-13 |
| v. | ) Judge |
| **Middleburg Towne Square Limited Partnership,** an Ohio limited partnership | ) Magistrate Judge |
| Defendant. | ) |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

       actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Middleburg Towne Square Limited Partnership**, upon information and belief, owns the property located at 18324-18348 Bagley Rd., Middleburg Heights, OH 44130 in Cuyahoga County, Ohio, which is a shopping plaza known as "Middleburg Towne Square." Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the shopping plaza owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's shopping plaza is a place of public accommodation. Defendant's property fails to comply with the ADA

2

and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Foster is a Fulton County, Ohio resident who has many friends in the immediate areas of Brunswick, Strongsville and Berea whom he established friendships with after two decades of adaptive skiing at the Northeast Ohio ski facilities of Brandywine and Boston Mills. In addition Mr. Foster has attended rugby tournaments in Berea hosted at and around Baldwin Wallace University. Mr. Foster frequents the parks, restaurants, shopping centers, businesses establishments and other public accommodations of Cuyahoga County and its surrounding area, including the Defendant's property that form the subject of this complaint.

9. On June 17, 2019, June 18, 2019, December 10, 2020, and on other previous occasions, Plaintiff visited Defendant's property, and he plans to return to the property to avail himself of the shopping services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in

public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the shopping plaza, encountered barriers to access at the shopping plaza, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping plaza without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. Upon information and belief, this Defendant and property were previously the subject of an ADA public accommodations lawsuit, case number 1:06-cv-01849 in the Northern District of Ohio. This plaintiff was not a party to the lawsuit, nor was or is he a party to any outcome or settlement therein nor bound by any of the aforementioned possible settlement's terms and conditions. The Plaintiff asserts this property remains non-compliant with the ADA and its implementing regulations 30 years after passage of the Americans with Disabilities Act and at minimum 14 years after being provably put on notice of the property's deficiencies and barriers to handicap access in federal district court litigation.

15. A preliminary inspection of the shopping plaza owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Parking and Accessible Routes:

    A. Some designated accessible parking entirely lacks signage, in violation of the ADA whose remedy is readily achievable.

B. Some designated accessible parking has signage mounted below the required height, in violation of the ADA whose remedy is readily achievable.

C. Designated accessible parking surfaces have cracks and changes in level in excess of ¼ inch, in violation of the ADA whose remedy is readily achievable.

D. Designated accessible parking paint, including stripes on the access aisle is so faded from lack of maintenance as to be nearly indistinguishable, in violation of the ADA whose remedy is readily achievable.

E. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

F. Designated accessible parking is not connected to an accessible route partly due to the presence of non-compliant curb ramps, no curb access in the vicinity of designated accessible parking, no marked crossings, and curb ramps with excess slope, in violation of the ADA whose remedy is readily achievable.

G. Some designated accessible parking entirely lacks signage, in violation of the ADA whose remedy is readily achievable.

H. Some designated accessible parking is not located on the shortest accessible route to the entrance(s), in violation of the ADA whose remedy is readily achievable.

I. There are cracks and changes in level along the accessible route connecting the designated accessible parking to the building entrances, in violation of the ADA whose remedy is readily achievable.

J. There is an excess slope on accessible route/ground surface leading from Panera's accessible parking to the restaurant entrance, in violation of the ADA whose remedy is readily achievable.

Brown Derby

K. There is not at least 5% of accessible dining surfaces inside the restaurant for customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

L. Restroom signage is non-compliant, including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

M. The men's restroom mirror is mounted above the allowable height, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom toilet compartment door is not self-closing, in violation of the ADA whose remedy is readily achievable.

O. The men's restroom toilet compartment door swings into the clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

P. The coat hook on the men's restroom door is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Q. The urinal inside the men's restroom is mounted in excess of allowable height and does not have required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

R. The men's restroom toilet compartment door lock requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

S. The men's restroom lacks a required rear grab bar around the water closet, in violation of the ADA whose remedy is readily achievable.

T. The men's restroom water closet height is below the required range, in violation of the ADA whose remedy is readily achievable.

U. The men's restroom baby changing station does not have required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

V. The men's restroom lavatories lack required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

W. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Two Bucks

X. There are no accessible seating and standing dining surfaces, in violation of the ADA whose remedy is readily achievable.

Y. There is no lowered bar transaction countered or dining area for use by wheelchair users or others, in violation of the ADA whose remedy is rea

Z. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

AA. The men's restroom toilet paper dispenser is not mounted in the required

location, in violation of the ADA whose remedy is readily achievable.

BB. The urinals inside the men's restroom are mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

CC. The men's restroom paper towel dispenser has a trash receptacle blocking the clear floor space to access it, in violation of the ADA whose remedy is readily achievable.

DD. The men's restroom door does not have required maneuvering clearance at the latch side, due to the presence of a trash receptacle, in violation of the ADA whose remedy is readily achievable.

EE. The men's restroom contains amenities, including a soap dispenser and paper towel dispenser, located above allowable reach range to its operable parts (whether obstructed or unobstructed), in violation of the ADA whose remedy is readily achievable.

FF. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Capri Pizza

GG. The restrooms contain non-compliant signage, including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

HH. The men's restroom door does not have the required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

II. The men's restroom door lock requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

JJ. The men's restroom flush control is not located on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

KK. The men's restroom water closet seat height is below the required range, in violation of the ADA whose remedy is readily achievable.

LL. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

MM. The men's restroom contains amenities, including a soap dispenser and paper towel dispenser, whose operable parts exceed allowable reach range, in

8

      violation of the ADA whose remedy is readily achievable.

   NN.    Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

   OO.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

   PP. The Defendant fails to maintain its accessible features, causing dangerous conditions for disabled patrons and more barriers to access, in violation of the ADA whose remedy is readily achievable.

16. The discriminatory violations described in Paragraph 15 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The shopping plaza at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping plaza accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and

advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendant's acts are willful, severe and ongoing. WHEREAS, Defendant has failed to maintain the property in good repair such that its accessible features remain usable by people with disabilities. In addition, the defendant has not made any visible efforts to remedy or, compel its tenants to remedy, the multitude of barriers to accessibility in tenant spaces at the facility. Furthermore, the Defendant has denied Mr. Foster and others with mobility impairment, handicap compliant public accommodations despite being provably on notice of numerous physical barriers to handicap access at its retail shopping center facility for a minimum of 14 years and continuous operation of an ongoing business in those years (and prior years) without undertaking readily achievable barrier removal.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

        Respectfully Submitted,

        *Counsel for Plaintiff:*

        /s/ Owen B Dunn Jr.
        Owen B. Dunn, Jr., Esq. (0074743)
        Law Offices of Owen Dunn, Jr.
        The Ottawa Hills Shopping Center
        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        (419) 241-9661 – Phone
        (419) 241-9737 - Facsimile
        dunnlawoffice@sbcglobal.net

        and

        Valerie J. Fatica (0083812)
        The Ottawa Hills Shopping Center
        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        (419) 654-1622 – Phone
        (419) 241-9737 - Facsimile
        Email: valeriefatica@gmail.com